SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN STRETCH (CASBN 163973)
Chief, Criminal Division

TAMARA WEBER (ILSBN 6270925)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6838
Facsimile: (415) 436-7234
E-Mail: tamara.weber@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0299-01 MMC |
| Plaintiff, ) | |
| v. ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| GERALD STAHL, ) | Court: Hon. Maxine M. Chesney |
| Defendant. ) | Hearing: January 9, 2008 at 2:30 pm |

On September 19, 2007, Gerald Stahl pled guilty to one count of Possession of Counterfeit Obligations or Securities with Intent to Sell or Use in violation of 18 U.S.C., Section 474. Under the Guidelines, Stahl's final offense level is 18, his criminal history category II, and his guidelines range is 30-37 months. The United States of America files this Sentencing Memorandum in support of its recommendation that this Court impose a sentence of 30 months, which is in agreement with the Probation Department's recommendation..

I. **BACKGROUND FACTS**

On September 9, 2005, a search warrant was executed at Gerald Stahl's residence, at

UNITED STATES' SENTENCING MEMO.
CR 07-0299-01 MMC

11050 Sunset Avenue, Apartment 2, Forestville, California.  The search was initiated after information was obtained from an individual who had been arrested on burglary charges.  This individual provided law enforcement officers with information regarding Gerald Stahl's manufacturing of counterfeit currency.  During the search of the residence, Sonoma County Sheriff Officers discovered $61,000 in counterfeit funds, as well as genuine $5.00 bills which were in the process of being "washed" to be reprinted into counterfeit currency.  Officers also recovered paper trimmings, straight edge cutters, three computers, two scanners, two printers, counterfeit detection pens, a police scanner, night vision goggles, a Motorola portable radio and thirty three marijuana plants.  Also found at the residence was a shotgun, 95 .22 caliber bullets, a stun gun and a retractable police baton.  Officers interviewed Gerald Stahl on this same day and Stahl stated he started printing counterfeit funds to use as a wall decoration.  Stahl stated he never passed any of the counterfeit funds he produced but he may have given some of the money he manufactured to friends as keepsakes.  Stahl's girlfriend told officers that she saw the fake money and asked Stahl to stop making the money on numerous occasions.  Stahl's girlfriend stated she saw Stahl print counterfeit money approximately 25 times since March of 2005.

On September 26, 2005, Gerald Stahl, in the presence of three individuals, physically attacked the confidential informant.  A female had the confidential informant come to her residence to babysit her children where Stahl and two masked men were waiting.  Stahl struck the confidential informant repeatedly in the face and knocked him to the ground.  Stahl stated, "That's what you get for being a snitch and a rat!"  Stahl then stated, "If you report this incident to the police, it's gonna cost you your life."  The confidential informant sought medical treatment for various bruises, red marks and lacerations to his face.  The female, named Brittni Scardino, was charged by the Santa Rosa Police Department for domestic battery; however the charges were later dismissed for lack of evidence.

Secret Service agents examined the counterfeit currency found in Stahl's residence and determined that the counterfeit funds Stahl manufactured had 470 passes in 2005 for a total loss to various banks and stores for $15, 170.

UNITED STATES' SENTENCING MEMO.
CR 07-0299-01 MMC

**II.    GOVERNMENT'S RECOMMENDED SENTENCE**

The government is asking for a sentence of 30 months, which is at the low end of the Sentencing Guidelines for Offense Level 18 and a Criminal History Category of II.  Although the Guidelines are now advisory, Booker, makes clear that the sentencing court is required to consider the Guidelines "sentencing range established for the applicable category of offense committed by the applicable category of defendant" in imposing sentence.  Booker, 543 U.S. 220, *260 (quoting 18 U.S.C. § 3553(a)(4)).

The Guidelines sentence is also reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The government believes that its recommended sentence will impress upon the defendant the severity of his criminal conduct, and will meet some of the sentencing objectives of deterrence, treatment, promoting respect fo the law, and just punishment.  Pursuant to 18 U.S.C. § 3553(a)(1-7), the above recommended sentence appropriately addresses the circumstances and seriousness of the instant offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the defendant.

In this case, the Sentencing Guidelines provide an appropriate measure for the defendant's misconduct.  The defendant admitted he had in his possession or custody, with intent to sell or otherwise use, $61,000 in counterfeit currency, which are obligations or other securities made or executed in whole or in part, after the similitude of the United States Federal Reserve Notes issued under the authority of the United States, without authority from the Secretary of the Treasury or other proper officer.  The defendant also admitted that in or around August of 2005 to September 9, 2005, he manufactured the counterfeit currency in his residence using scanners, printers, rollers, razors and trimmers.  The defendant further admitted that he traded the counterfeit currency he manufactured to other individuals in exchange for goods such as dvds and other collectible items.

Also, as part of relevant conduct, the defendant caused physical harm to a witness in order to prevent that individual from testifying against him.  Such violent conduct concerns the government and the recommended sentence of 30 months incarceration would serve as a

1  deterrent to such conduct.

2  Considering the factors set forth in section 3553(a), the Guidelines fairly reflect Stahl's
3  culpability in the possession of counterfeit obligations or securities with the intent to sell or use.
4  The United States has some concern that absent strict supervision, Stahl easily could slip back
5  into making easy money the way he did in this case, especially given the case that the defendant
6  has tested positive for marijuana in violation of his release conditions and has an obvious drug
7  problem.

8  The Government's recommended sentence would also "avoid unwarranted sentence
9  disparities among defendants with similar records who have been found guilty of similar
10 conduct." 18 U.S.C. § 3553(a)(6).

11 **III.  CONCLUSION**

12 In sum, when balancing all the factors of 18 U.S.C. § 3553(a), the government asserts
13 that the recommended sentence, which is in agreement with the recommendation of the
14 Probation Department, will serve the goals of deterrence, punishment, and community safety,
15 while taking into account the nature of the offender, and the need for consistency in sentencing.
16 The government thus respectfully requests this Court to impose a sentence of 30 months
17 incarceration, three years supervision and a $100 special assessment fee.

19 Dated: December 20, 2007                    Respectfully Submitted,

20                                             SCOTT N. SCHOOLS
                                               United States Attorney

22                                               /s/ Tamara Weber
                                               TAMARA WEBER
23                                             Special Assistant United States Attorney

UNITED STATES' SENTENCING MEMO.
CR 07-0299-01 MMC

4