JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ALBERT B. SAMBAT (CABN 236472)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7129
   Facsimile: (415) 436-7234
   Email: albert.sambat2@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>GERALD STAHL,<br>    Defendant. | No. CR 07-0299-01 MMC<br><br>**REPLY TO DEFENDANT'S SENTENCING MEMORANDUM** |

## I. INTRODUCTION

On January 30, 2008, the defendant filed a sentencing memorandum in the above captioned matter objecting to the 2-level sentencing enhancement recommended by the Probation Officer for Obstruction of Justice under U.S.S.G. § 3C1.1, and the 8-level enhancement under U.S.S.G. §§ 2B5.1(b)(1)(B) and 2B1.1(b)(1)(E) which incorporates a disputed amount of $15,170 which constitutes the value of the counterfeit funds that was found to have entered circulation. The defendant argues that only the $61,000 that was discovered at his residence pursuant to a search warrant executed on September 9, 2005 should be factored into the sentencing guidelines calculation under U.S.S.G. §§ 2B5.1(b)(1)(B) and 2B1.1(b)(1)(E) and thus only a 6-level enhancement should apply.

The basis of the objections are two-fold. First, the defendant argues that the factual determinations underlying the recommended enhancements are based on unreliable hearsay information. Second, with respect to the additional $15,170 that is incorporated into the recommended 8-level enhancement under U.S.S.G. §§ 2B5.1(b)(1)(B) and 2B1.1(b)(1)(E), the defendant argues that there is no foundation that has been laid to show that the $15,170 is the exact amount that was entered into circulation or how it is tied to the defendant.

The defendant's arguments are unconvincing. The factual determinations of the Probation Report are based on reliable investigative reports, sworn statements, and other reliable documents. These same reports provide proper foundation to show that the $15,170 that was entered into circulation is tied to the defendant. In addition, the United States anticipates having a secret service agent familiar with the facts of this case available at sentencing to corroborate the factual determinations that form the basis of the disputed enhancements.

## II. ARGUMENT

As a general rule, sentencing judges are not restricted to evidence that would be admissible at trial. *United States v. Burns*, 894 F.2d 334, 337 (9th Cir. 1990). An exception to this general rule is that inadmissible evidence cannot be considered if it lacks "sufficient indicia of reliability to support its probable accuracy." *Id.* This principle is also delineated under U.S.S.G. § 6A1.3(a).[1] In addition, findings of fact for sentencing are governed by a preponderance of the evidence standard. *See United States v. Wilson*, 900 F.2d 1350,1353-54 (9th Cir. 1990); *Commentary to* U.S.S.G. § 6A1.3.

The factual determinations underlying the disputed enhancements are based on secret service investigation reports and sworn statements. Both types of evidence have been found to have a sufficient indicia of reliability to be considered at sentencing. For example, in *Burns*, the Ninth Circuit affirmed a district court's sentence in an access device fraud case wherein the loss calculation enhancement was based on an investigative report prepared by secret service agents.

---

[1] U.S.S.G. Section 6A1.3(a) states in part: "..In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial provided that the information has sufficient indicia of reliability to support its probable accuracy."

*Burns*, 894 F.2d at 336-37. The defendant in *Burns*, much like in this case, argued that the secret service report was unreliable and uncorroborated hearsay which the district court was not entitled to consider. *Id.* at 336. The Court held that there was no error in using the investigative report and essentially found that the reports had "sufficient indicia of reliability to support its probable accuracy." *Id.* at 337 (citing U.S.S.G. § 6A1.3).

Furthermore, in *United States v. Robinson*, 482 F.3d 244, 246-47 (3d Cir. 2007), the Third Circuit affirmed a district court's sentence in a drug case involving a defendant that had pled to ten (10) counts of cocaine possession with intent to distribute. At sentencing, the defendant alleged that he was set up by the government and insisted that he only sold drugs to an undercover informant as a result of the informant's prodding. To rebut this contention, the government introduced testimony of a law enforcement officer who testified that the defendant had sold drugs to at least seven different buyers. The officer explained that the buyers had provided taped sworn statements of buyers admitting that they had purchased cocaine from the defendant. The district court considered the law enforcement officer's testimony in fashioning the defendant's sentence. On appeal, the Third Circuit found that the evidence offered by the government through the testimony of the law enforcement officer easily passed the test of have "minimal indicium of reliability beyond mere allegation." *Id*. at 246-47.

The United States anticipates having a secret service agent who is familiar with the facts of this case available at the sentencing hearing to provide testimony and answer questions the court may have to support the factual findings underpinning the 2-level enhancement for obstruction under U.S.S.G. § 3C1.1, and the 8-level enhancement under U.S.S.G. §§ 2B5.1(b)(1)(B) and 2B1.1(b)(1)(E).

### III.  CONCLUSION

Because the factual determinations underlying the disputed enhancements are based on secret service investigations reports and sworn statements that have been deemed reliable by various courts; because the United States can support the enhancements through the testimony of a law enforcement officer familiar with this case; the United States will request that this Court apply the 2-level sentencing enhancements recommended by the Probation Officer for Obstruction of

1  Justice under U.S.S.G. § 3C1.1, and the 8-level enhancement under U.S.S.G. §§ 2B5.1(b)(1)(B)
2  and 2B1.1(b)(1)(E) which incorporates the $15,170 worth of counterfeit currency that was
3  entered into circulation.

5  DATED: February 4, 2008                         Respectfully Submitted,

6                                                  JOSEPH P. RUSSONIELLO
                                                   United States Attorney

8                                                  /s/ Albert B. Sambat
                                                   ALBERT B. SAMBAT
9                                                  Special Assistant United States Attorney